ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **HIRAM VÁZQUEZ BOTET**<br><br>Recurrido<br><br>v.<br><br>**MYRNA BERRIOS FERNÁNDEZ**<br><br>Peticionaria | KLCE202301058 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2018CV01144**<br><br>Sobre: División de Comunidad de Bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Pérez Ocasio[1].

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

Comparece ante nos la señora Myrna E. Berríos Fernández (señora Berríos Fernández o peticionaria) y solicita que revisemos la *Orden* que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 22 de agosto de 2023.[2] Por virtud del dictamen recurrido, el foro *a quo*, en lo pertinente, no autorizó a la peticionaria obtener información relacionada a la señora Alba Hernández Cruz, Vázquez Botet & Asociados, PSC., Quality Services, Corp. y SKM Corporation. Por tanto, dejó sin efecto las órdenes emitidas previamente en el caso en cuanto a la información requerida sobre las partes mencionadas. De igual forma, el TPI dejó sin efecto en su totalidad la orden dirigida a FirstBank dictada el 21 de junio de 2023, relacionada a cierta información y documentos

---

[1] Mediante Orden Administrativa OATA-2023-194, se designó al Hon. Pérez Ocasio para entender y votar en este caso debido a la inhibición del Hon. Rodríguez Flores.
[2] Notificada al día siguiente.

registrados a nombre del señor Hiram Vázquez Botet (señor Vázquez Botet), solicitados por la peticionaria.

Por los fundamentos que expondremos a continuación, nos disponemos a expedir el auto de *certiorari* y revocar la *Orden* impugnada.

I

Según surge del expediente, el 8 de mayo de 2014, la señora Berríos Fernández presentó una demanda de divorcio contra el señor Vázquez Botet. El TPI decretó el divorcio mediante dictamen del 8 de enero de 2015. Tras varios incidentes procesales, los cuales incluyeron la presentación de un recurso apelativo en el 2017 ante este Foro (KLAN201700222), el 8 de marzo de 2018, el señor Vázquez Botet incoó una acción de liquidación de comunidad de bienes contra la señora Berríos Fernández. Entre otras cosas, solicitó al Tribunal que, luego de llevar a cabo el inventario y avalúo, adjudicara y distribuyera el caudal de la comunidad de bienes, si restara alguno. El 9 de mayo de 2018, la señora Berríos Fernández contestó la demanda e instó una *Reconvención*. Como defensa afirmativa alegó que el señor Vázquez Botet tenía la administración exclusiva de los ingresos de la extinta Sociedad Legal de Bienes Gananciales, así como de los negocios y corporaciones gananciales. El 16 de noviembre de 2018, el TPI resolvió que la Sociedad Legal de Bienes Gananciales se extinguió el 12 de enero de 2018, fecha en que la sentencia de divorcio advino final y firme.

Así las cosas, durante el 2020, el descubrimiento de prueba se retrasó debido a múltiples controversias sobre éste y por las restricciones emitidas por el Gobierno de Puerto Rico y el Poder Judicial de Puerto Rico a causa de la pandemia del COVID-19. En particular, la sala donde se ventilaba el caso fue presidida por varios jueces, hasta que el 9 de mayo de 2023 comenzó a presidir la Hon. Elisa Fumero Pérez.

Como parte del descubrimiento de prueba, el 15 de junio de 2023, la señora Berríos Fernández presentó *Moción Solicitando Órdenes contra Terceros*, en la cual alegó que agotó todos los esfuerzos para que el señor Vázquez Botet proveyera ciertos documentos e información que le fueron requeridos en su deposición y documento formal. Añadió que éste, a pesar de comprometerse para localizar los documentos solicitados, no cumplió. Ante ello, invitó al TPI a expedir varias órdenes contra 13 terceras partes detalladas en la moción.

El 21 de junio de 2023, la abogada que hasta esa fecha representaba a la señora Berríos Fernández, licenciada Evelyn González Otero, solicitó al TPI que la relevara de dichas funciones, lo cual fue aceptado mediante *Orden* emitida el 22 de junio de 2023. En dicha *Orden*, el TPI otorgó un término de 45 días a la señora Berríos Fernández para comparecer representada por abogado.

El mismo 21 de junio de 2023, el foro de instancia declaró *Con Lugar* la *Moción Solicitando Órdenes contra Terceros* instada por la señora Berríos Fernández y, consecuentemente, ordenó a las aludidas partes proveer la información y documentos requeridos, los cuales cubrían el periodo entre el 2014 hasta el año en curso.

En desacuerdo con el antedicho dictamen, el 28 de junio de 2023, el señor Vázquez Botet solicitó reconsideración. Además, requirió del tribunal remedios y medidas en torno a las mencionadas órdenes. En lo concerniente, razonó que la señora Berríos Fernández indujo a error al tribunal al solicitar información perteneciente a entidades jurídicas que no se constituyeron durante la vigencia del matrimonio; que no estaban incluidas como partes en el pleito, pues les pertenecían a terceros y que no eran parte de la masa de la comunidad sujeta a liquidación. Añadió que la señora Berríos Fernández solicitó acceso indebido a cuentas bancarias de terceros en las cuales ni éste, ni la comunidad sujeta a liquidación

tenían cuentas, así como otra no relacionada de manera alguna con el pleito y/o los bienes sujetos de liquidación. A su vez, puntualizó que el tribunal emitió las órdenes concernidas sin permitirle exponer su posición, según establecen las Reglas de Procedimiento Civil. Así, le requirió al foro *a quo* que reconsiderara varias de las órdenes y las dejara sin efecto y/o en suspenso, además de que limitara la información intimada estrictamente a los bienes constituidos durante la vigencia del matrimonio.

Mediante *Orden* dictada el 29 de junio de 2023, el TPI declaró *No Ha Lugar* la reconsideración y expresó lo siguiente: "el descubrimiento de prueba es amplio y liberal, [l]as objeciones a la prueba no son parte del descubrimiento salvo que estas serán sobre algún privilegio reconocido por las Reglas de Evidencia, las leyes y la jurisprudencia."

El 7 de julio de 2023, la señora Alba Hernández Cruz presentó una *Moción en Comparecencia Especial Sin Someterse a la Jurisdicción y Urgente Solicitud de Orden*. Alegó que la orden dictada a First Bank con la directriz de que proveyera la información solicitada constituyó un abuso de discreción del tribunal, toda vez que esta incluyó números de cuenta que no estaban registradas a nombre de ninguna de las partes del pleito. Pidió al foro de instancia que dejara sin efecto la orden, pues contenía información sobre sus cuentas de carácter privativo y ésta no era parte del pleito. Igual contención a los de la señora Hernández Cruz presentaron las corporaciones Vázquez Botet & Asociados, SKM y Quality Services, las cuales, sin someterse a la jurisdicción del Tribunal, alegaron que la parte demandante del caso, entiéndase, el señor Vázquez Botet, era una persona distinta a éstos. Así, arguyeron que, al no ser parte, no tuvieron la oportunidad de defenderse adecuadamente y de oponerse a las órdenes emitidas por el foro primario, lo cual

constituyó, a su entender, una violación a su debido procedimiento de ley en su modalidad procesal.[3]

El 7 de agosto de 2023, la señora Berríos Fernández presentó moción anunciando su nueva representación legal. En la moción, la licenciada Brenda Berríos Morales, solicitó al Tribunal que *"a partir de la aceptación de la representación legal, nos conceda 20 días para revisar el expediente y contestar o replicar sobre cualquier escrito u orden del tribunal"*.

De igual manera, el 7 de agosto de 2023, notificada al día siguiente, el TPI emitió una *Orden* que incluyó varias directrices del caso. La Hon. Larissa N. Ortiz Modestti expresó que, ante el retiro de la Hon. Elisa Fumero Pérez y el cierre de la sala 807, el caso le fue reasignado a su sala el 6 de julio de 2023. En lo pertinente, el TPI dispuso de las mociones pendientes de resolver de la siguiente manera:

1) En cuanto a la Comparecencia Especial, Sin Someterse a la Jurisdicción y Urgente Solicitud de Orden y la moción Sometiendo Anejo a Comparecencia Especial, Sin Someterse a la Jurisdicción y Urgente Solicitud de Orden presentadas por la Sra. Alba Hernández Cruz [Entradas 184 y 185]: **Se deja en suspenso la orden dirigida a First Bank y se conceden 10 días a la parte demandada para que informe las personas o entidades titulares de las cuentas sobre las que solicitó información en la orden emitida en la entrada 169. En el mismo término, deberá y mostrar causa por la cual no deba concederse lo solicitado por la Sra. Alba Hernández Cruz en su moción.**
[…]

4) En cuanto a la Moción Urgente para que se Dejen Sin Efecto Órdenes Emitidas a Terceros en lo que Respecta a las Aquí Comparecientes presentada por Vázquez Botet & Asociados, PSC y SKM Corporation [Entrada 188]: **Se dejan suspenso las órdenes emitidas a terceros en lo concerniente a la información requerida sobre Vázquez Botet & Asociados, PSC y SKM Corporation, y se le conceden 10 días a la demandada para mostrar causa por la cual no deba concederse lo solicitado en la moción.**
[…]

---

[3] Apéndices 20 y 21 del recurso de *certiorari*, págs. 194-211.

10) En cuanto a la Moción Uniéndose a Solicitud para que se Dejen Sin Efecto Órdenes Emitidas a Terceros presentada por Quality Services, Corp. [Entrada 194]: **Se dejan suspenso las órdenes emitidas a terceros en lo concerniente a la información requerida sobre Quality Services, Corp., y se le conceden 10 días a la demandada para mostrar causa por la cual no deba concederse lo solicitado en la moción.**
[...]

13) En cuanto a la Moción Asumiendo Representación Legal presentada por la demandada [Entrada 197]: Se autoriza la representación legal, tome nota Secretaría.[4]

En suma, el tribunal dejó en suspenso las órdenes en cuestión y concedió 10 días a la señora Berríos Fernández para mostrar causa por la cual no debía otorgar lo solicitado por la señora Hernández Cruz, así como por las corporaciones Vázquez Botet & Asociados, SKM y Quality Services.

El 22 de agosto de 2023, el TPI emitió la *Orden* que hoy revisamos. En esta hizo las siguientes expresiones:

**Ante el incumplimiento de la demandada con nuestra orden de 7 de agosto de 2023** [Entrada 198], **no se autoriza que la demandada obtenga información relacionada a Alba Hernández Cruz, Vázquez Botet & Asociados, PSC, Quality Services, Corp. y SKM Corporation. Por tanto, se dejan sin efecto las órdenes emitidas en las entradas 168, 170-175, y 179-181 en cuanto a la información requerida sobre Alba Hernández Cruz, Vázquez Botet & Asociados, PSC, Quality Services, Corp. y SKM Corporation. De igual forma, se deja sin efecto en su totalidad la orden a FirstBank que surge de la entrada 169.**

En cuanto a las órdenes que surgen de las entradas 168, 170-175, y 179-181, en vista de que incluyen otras personas o entidades, la parte demandada deberá presentar nuevos proyectos de orden para que sean expedidos excluyendo a las partes aquí mencionadas. (Énfasis nuestro).

Inconforme, la señora Berríos Fernández presentó un documento intitulado *Urgente Moción de Reconsideración, Reiterando Nulidad de Orden del 23 de agosto de 2023 por ser Emitida en Ausencia de Jurisdicción y en Solicitud de Remedios.* En

---

[4] Apéndice 23 del recurso de *certiorari*, págs. 217-218.

su comparecencia, alegó, en síntesis, que la orden dictada por el TPI era nula porque: (1) el tribunal perdió jurisdicción para atender dicho asunto desde que fue adjudicado el 29 de junio de 2023 y (2) el tribunal concedió remedios a terceras partes que no estaban bajo su jurisdicción. La señora Berríos Fernández destacó que, el hecho de que no hubiera cumplido con expresarse dentro del término establecido no autorizaba al tribunal, ni le concedía la jurisdicción que perdió desde el 29 de junio de 2023. En esa dirección, adujo que no infringió la *Orden* del 7 de agosto de 2023 y que esta fue confusa. Particularmente, arguyó que, toda vez que el tribunal aceptó su moción de representación legal el 7 de agosto de 2023 y no se hizo otra expresión en torno a la petición de 20 días incluida en ésta, entendió que, una vez aceptó su representación legal se le habían concedido los 20 días solicitados. Ello, a pesar de que el foro primario le concedió 10 días para mostrar causa sobre lo solicitado por la señora Hernández Cruz, así como por las corporaciones Vázquez Botet & Asociados, SKM y Quality Services.

Cónsono con lo anterior, la señora Berríos Fernández exigió la reconsideración de la *Orden* del 22 de agosto de 2023, bajo el fundamento de que las órdenes que el TPI dejó sin efecto constituían la ley del caso y el tribunal actuó sin jurisdicción sobre ellas. En la alternativa, alegó que la *Orden* objetada tenía el fatal defecto, no solo de ser nula, sino que, aun en sus méritos, era equivocada, errada en derecho y contraria a las doctrinas existentes, así como de la jurisprudencia aplicable. Mediante *Resolución* dictada el 29 de agosto de 2023, el TPI denegó el petitorio de la señora Berríos Fernández y mantuvo en vigor la *Orden* notificada el 23 de agosto de 2023.

Aún inconforme, la señora Berríos Fernández acude ante este Tribunal de Apelaciones. En su recurso, alega que el foro primario cometió los siguientes errores:

Primer error:

Erró el TPI y abusó de su discreción al dejar sin efecto las ordenes emitidas el 22 de junio de 2023 que advinieron finales y que constituyen la ley del caso, por el único fundamento de que no se cumplió la orden del 7 de agosto de expresarse en 10 días, aún cuando autorizó la representación legal y el término solicitado en dicha moción solicitando 20 días, y a la cual no se denegó expresamente el término allí solicitado.

Segundo error:

Erró el TPI y abusó de su discreción al dejar sin efecto las órdenes y revertir la ley del caso, por el único fundamento de que la parte no contestó en el término de 10 días, entiéndase, se apartó en su determinación de la doctrina de la ley del caso sin fundamento válido alguno que lo justifique y causando una grave injusticia y perjuicio a la demandada.

Tercer error:

Erró el TPI al conceder remedios en contra de la ley del caso a terceros que no solicitaron intervención, no demostraron la existencia de privilegios evidenciarios, ni se sometieron a su jurisdicción. Abusó de su discreción además en eliminar en su totalidad el descubrimiento sobre estos terceros, por oposición a limitarlo según procediera en Derecho.

El 27 de septiembre de 2023, mediante *Resolución*, concedimos a las partes recurridas 20 días para presentar su alegato. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso.

*Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[5]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[5] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

B.

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. Este tiene como finalidad ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que va a ser utilizada en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada a su causa. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672-673 (2021); *Berríos Falcón v. Torres Merced*, supra. Ahora bien, al descubrimiento de prueba le son

oponibles dos (2) limitaciones: (1) pertinencia y (2) privilegio. *McNeil Healthcare v. Mun. Las Piedras II*, supra; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898–899 (2017). La pertinencia se debe interpretar de manera amplia.[6] Por su parte, materia privilegiada se refiere a aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II*, supra.

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y encaucen el mismo, toda vez que con ello se garantiza un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.,* supra, pág. 745.

III.

Por estar estrechamente relacionados los tres (3) errores levantados por la peticionaria, procedemos a discutirlos en conjunto. Estos versan sobre el descubrimiento de prueba y el manejo del caso por parte del Tribunal.

---

[6] Prueba pertinente es la que produzca o pueda producir, entre otras: [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 674.

En el presente recurso, la peticionaria alega que erró el foro *a quo* al dejar sin efecto las órdenes emitidas el 21 y 22 de junio de 2023, bajo el único fundamento de que no se cumplió la *Orden* del 7 de agosto de 2023 de expresarse en 10 días. En ese sentido, argumenta que de dicha *Orden* del 7 de agosto de 2023 se podía colegir que se había autorizado la prórroga de 20 días que solicitó. En esencia, razona que, con la actuación del TPI se le violentó su derecho a un debido proceso de ley, pues nunca tuvo una oportunidad real de someter su posición previo a que el foro primario adjudicara y anulara cierta información como parte del descubrimiento de prueba al que tiene derecho dentro del pleito de división de bienes gananciales, en específico sobre la reconvención presentada por ésta.

Por su parte, las corporaciones Vázquez Botet & Asociados, SKM y Quality Services esencialmente arguyen que la *Orden* impugnada es correcta en derecho. Esbozan que los pronunciamientos dictados por el TPI el 21 y 22 de junio de 2023 son contrarios a derecho por solicitar información a terceros que no son parte del caso. Añaden que son corporaciones creadas luego de disuelta la Sociedad Legal de Bienes Gananciales, por lo que cualquier descubrimiento relacionado a éstas no es pertinente.

Cónsono con lo anterior, argumentan que la *Orden* del 7 de agosto de 2023 no estableció que se le concedió el término de 20 días solicitado por la peticionaria para replicar a los escritos que estaban pendientes. Subrayan que el tribunal fue claro al conferir 10 días para ello. Alegan que la decisión recurrida se ajusta a la discreción que ostenta el Tribunal en el manejo de los casos que se ventilan ante sus salas y particularmente, en regular el ámbito del descubrimiento de prueba. La señora Cruz Hernández incluye similares contenciones en su alegato. Sostiene que la peticionaria falló en probar que con la decisión recurrida el TPI cometió un abuso

de discreción, error manifiesto, demostró parcialidad o prejuicio indebido.

Por su parte, el señor Vázquez Botet esboza en su escrito que la *Orden* recurrida refleja un sano ejercicio de la discreción judicial que posee el Tribunal. Esgrime que no existe razón jurídica por la cual este Foro deba intervenir con tal ejercicio en dicho trámite interlocutorio. Específicamente, alega que el término de 10 días otorgado a la peticionaria para cumplir con lo ordenado transcurrió sin que ésta compareciera, ni siquiera para solicitar una prórroga. Discute que la doctrina de la ley del caso invocada por la peticionaria no es de aplicación al caso de autos.

Según expuesto, el TPI dictó la *Orden* recurrida, la cual tuvo el resultado de dejar sin efecto ciertas órdenes dictadas previamente que le permitirían a la peticionaria obtener información relacionada a la señora Hernández Cruz y las corporaciones Vázquez Botet & Asociados, SKM y Quality Services como parte del descubrimiento de prueba. Lo anterior, únicamente bajo el fundamento de que la peticionaria incumplió con la *Orden* del 7 de agosto de 2023.

Aunque dicha acción es un asunto de manejo de caso que descansa en la sana discreción del Tribunal, el marco fáctico presentado, junto a la complejidad y extensión del caso, ameritan nuestra intervención. Además, la etapa de los procedimientos en la que se presenta el caso es la más propicia para su consideración. Nótese que desde que la peticionaria anunció su nueva representación legal el 7 de agosto de 2023, solicitó 20 días para revisar el expediente y contestar a tiempo cualquier escrito u orden del tribunal pendiente. No obstante, precisa resaltar que, si bien el foro primario le concedió oportunidad a la peticionaria, entiéndase, 10 días, para presentar su posición en torno a lo solicitado, esta no compareció oportunamente para cumplir la orden. Ahora bien, en lugar de proceder conforme autoriza la Regla 34.3(b)(6) de las Reglas

de Procedimiento Civil, *supra*, para así sancionar a la representación legal por el presunto incumplimiento, el foro primario optó por adjudicar la controversia sin más, en detrimento de un debido proceso de ley.

Por tanto, entendemos que lo más razonable es que el foro *a quo* conceda un término a la peticionaria para cumplir las órdenes de mostrar causa concernidas. Una vez se reciba el fundamento y/o justificación de la peticionaria, el tribunal justipreciará si proceden o no las solicitudes incoadas por la señora Hernández Cruz y las corporaciones Vázquez Botet & Asociados, SKM y Quality Services, de dejar sin efecto ciertas órdenes previas.

Ante las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos el auto de *certiorari* y dejamos sin efecto el pronunciamiento impugnado, con el fin de evitar un fracaso de la justicia. No surgen del expediente situaciones extremas que evidencien conducta contumaz o de mala fe por parte de la peticionaria.

IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la *Orden* recurrida. En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones